**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
                                      :

**DAISY BURR, an infant by her f/n/g**   :
**HOWARD BURR, and HOWARD BURR,**  :
**individually,**                           :

                      **Plaintiffs,**    :

                            :
    **- against -**                     :

**TOYOTA MOTOR CREDIT CO. and**   :
**LILIANA SERRANO,**                  :

                **Defendants.**    :
-------------------------------------------------------X

**OPINION AND ORDER**

**06 Civ. 7105 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/06

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        Howard and Daisy Burr ("the Burrs"), both of whom are New York residents, brought this action on July 17, 2006 in the Supreme Court of the State of New York, alleging injuries to the infant Daisy as a result of being struck by a car driven by the defendant Liliana Serrano, a resident of New Jersey, in an accident that occurred on June 9, 2006 in New York.[1]  Toyota Motor Credit Co. ("TMCC"),

---

      [1]    *See* Summons, Document One of Exhibit A to Affirmation of Robert J. Bellison, counsel for plaintiffs, in Support of Motion to Remand ("Bellison Aff."), at 1; Verified Complaint ("Compl."), Document Two of Exhibit A to Bellison Aff. ¶ 19.

a foreign corporation, owned the vehicle, which it leased to Serrano.[2]  TMCC

removed the case to this Court pursuant to section 1446 of title 28 of the United

States Code, claiming federal jurisdiction on the basis of diversity.[3]  The Burrs

now move for remand pursuant to section 1447 of title 28 of the United States

Code, on the grounds that removal was not timely, and that TMCC failed to secure

Serrano's consent.[4]

## II.    BACKGROUND

The Burrs bring two claims against Serrano and TMCC.  *First*, they

allege that Serrano struck Daisy as a result of the negligent operation of the motor

vehicle that she leased from TMCC.[5]  As a result of the accident, Daisy suffered

"serious and severe permanent personal injuries."[6]  Plaintiffs allege that  Daisy

"sustained a serious injury as defined in Section 5102(d) of the Insurance Law of

the State of New York."[7]  *Second*, Howard claims permanent deprivation of

---

[2]      *See* Compl. ¶¶ 6-7.

[3]      *See* Notice of Removal.

[4]      *See* Notice of Motion for Remand ("Remand Mot.").

[5]      *See* Compl. ¶¶ 19-20.

[6]      *Id.* ¶ 24.

[7]      *Id.* ¶ 21.  Section 5102(d) defines a serious injury as: "a personal
injury which results in death; dismemberment; significant disfigurement; a

Daisy's "society and services."[8]  The Complaint does not specify the amount of

damages sought.  As to both claims, the Burrs allege that TMCC is liable by virtue

of its ownership of the vehicle and because it permitted Serrano to operate it.[9]

Serrano was served with process on July 27, 2006, by personal

service of the Summons and Complaint on her mother, Maria Delvalle, at

Serrano's home.[10]  A copy of the Summons and Complaint was mailed to

Serrano's home address on July 28, 2006.[11]  An affidavit of service was filed with

the county clerk on July 28, 2006.[12]  The Burrs affirm by affidavit that TMCC was

served by means of personal delivery of the Summons and Complaint to the office

---

fracture; loss of a fetus; permanent loss or use of a body organ, member, function
or system; permanent consequential limitation of use of a body organ or member;
significant limitation of use of a body function or system; or a medically
determined injury or impairment of a non-permanent nature which prevents the
injured person from performing substantially all of the material acts which
constitute such person's usual and customary daily activities for not less than
ninety days during the one hundred eighty days immediately following the
occurrence of the injury or impairment."

[8]     *Id.* ¶ 24.

[9]     *See id.* ¶ 14.

[10]     *See* 7/28/06 Affidavit of Service of Summons (and Complaint),
Document Two of Exhibit B to Bellison Aff.  Serrano has not disputed the
accuracy of the information included in the Burrs' affidavit of service.

[11]     *See id.*

[12]     *See id.*

of the New York Department of State on August 14, 2006.[13]  An affidavit of

service was filed in the county clerk's office on August 16, 2006.[14]  In its notice of

removal, however, TMCC states that "the Summons and Complaint was served

upon the New York Department of State via certified mail on August 16, 2006."[15]

      Although TMCC states that it "received notice of this lawsuit from

Corporation Service Company after . . . August 16, 2006,"[16] TMCC and Serrano

filed a joint Answer on August 10, 2006.[17]  The Answer specifically denied an

allegation against TMCC,[18] and advanced affirmative defenses on behalf of the

"defendants."[19]  Two of these affirmative defenses were applicable only to TMCC,

because they were based on section 30106 of title 49 of the United States Code,

which protects lessors "engaged in the trade or business of renting or leasing

---

[13]    *See* 8/14/06 Affidavit of Service ("8/14/06 Aff. of Serv."), Document
One of Exhibit B to Bellison Aff.

[14]    *See id.*

[15]    Notice of Removal ¶ 5.

[16]    *Id.*

[17]    *See* Answer, Exhibit B to Notice of Removal.

[18]    *See id.* ¶ 2 (denying allegation that TMCC is "a partnership organized
and existing under and by virtue of the laws of the State of New York").

[19]    *Id.* ¶¶ 11-12.

motor vehicles" from tort liability arising out of the use, operation or possession of a vehicle by a lessee.[20]  Elsewhere in its Notice of Removal, TMCC acknowledges that this Answer was, in fact, filed on its behalf.[21]

On September 15, 2006, TMCC filed a Consent to Change Attorney, replacing Cartiglia, Connolly & Russo with the law firm of London, Fischer, LLP.[22]  TMCC, by its new attorneys, filed a Notice of Removal based on diversity of citizenship pursuant to section 1337 of title 28 of the United States Code.[23]  The Notice of Removal was accompanied by an Affidavit of Consent by Peninna Oren of London, Fisher, stating: "On September 14, 2006, Nicholas F. Russo counsel for defendant Liliana Serrano advised by telephone that he consents to and joins in the Removal of this action" by TMCC.[24]

On September 20, 2006, the Burrs moved to remand pursuant to section 1447(c).[25]  The Burrs argued that TMCC's removal was untimely, Serrano

---

[20]     49 U.S.C. § 30106(a).

[21]     *See* Notice of Removal ¶ 7.

[22]     *See* Consent to Change Attorney, Exhibit C to Notice of Removal.

[23]     *See* Notice of Removal ¶ 3.

[24]     Affidavit of Consent ("Aff. Consent"), attached to Notice of Removal, ¶ 4.

[25]     *See* Remand Mot.

had not joined or consented in the removal, and that TMCC failed to demonstrate in its removal petition that the amount in controversy exceeded seventy-five thousand dollars.[26] On October 2, 2006, Russo filed an Affirmation stating that Serrano consented to removal.[27]

On October 5, 2006, Oren filed an Affidavit in Opposition to the Burrs' motion to remand.[28] TMCC asserted that despite the fact that the Complaint did not state an amount of damages it was "almost inevitable" that the demand for damages would exceed the statutory minimum.[29] Oren affirmed that she filed TMCC's Notice of Removal on September 15, 2006, "with the belief that [Oren] was in compliance with 28 U.S.C. § 1446(b) with respect to the requirement that a Notice of Removal must be made within thirty days of service."[30] Oren stated: "The basis of your affiant's belief was correspondence from TMCC's insurance carrier indicating that process was served upon TMCC by

---

[26]    See id. ¶ 5.

[27]    See 10/2/06 Affirmation of Nicholas Russo.

[28]    See Affidavit of Peninna Oren in Opposition to Remand ("Oren Aff.").

[29]    Id. ¶¶ 4, 6.

[30]    Id. ¶ 9.

service upon the Secretary of State on August 16, 2006."[31]  Oren provided an

unsigned fax dated September 1, 2006, from Tokio Marine Nichido to Clifford

Aaron, of London, Fischer.  The fax referred to the Burrs' action in the Supreme

Court, and stated in relevant part: "Enclosed is a complete copy of my file to date,

including the Summons & Complaint served on our insured on August 16,

2006."[32]

## III.   LEGAL STANDARDS

### A.   Removal and Remand

Section 1441(a) of title 28 of the United States Code provides that

"any civil action brought in state court of which the district courts of the United

States have original jurisdiction, may be removed . . . to the district court."[33]  "[I]n

light of the congressional intent to restrict federal court jurisdiction, as well as the

importance of preserving the independence of state governments, federal courts

construe the removal statute narrowly, resolving any doubts against

---

[31]     *Id.*

[32]     9/1/06 Email from Tokio Marine Nichido ("Nichido Fax"), Exhibit A
to Oren Aff.

[33]     28 U.S.C. § 1441(a).

removability."[34]  At all times the party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met.[35]

> A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a).  A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition.[36]

> A defendant who is served with a pleading that meets these criteria

must file its notice for removal within thirty days.[37]  Days are counted in accordance with Rule 6(a) of the Federal Rules of Civil Procedure.[38]  Defects in removal procedure, including lack of timeliness, are not jurisdictional.[39]  However,

---

[34]  *Vermande v. Hyundai Motor Am. Inc.*, 352 F. Supp. 2d 195, 197 (D. Conn. 2004) (citing *Lupo v. Human Affairs Int'l., Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

[35]  *See Mehlenbacher v. Akso Nobel Slat, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000).

[36]  *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 205-206 (2d Cir. 2001).

[37]  *See* 28 U.S.C. § 1446(b).

[38]  *See* Fed. R. Civ. P. 6(a) (providing that Rule 6 applies "in computing any period of time prescribed . . . . by any applicable statute").

[39]  *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991).

"the statutory time limit is mandatory . . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement."[40]

Courts differ as to when the thirty-day removal period begins to run where, as here, there are multiple defendants who are not served simultaneously, and the last-served defendant seeks removal.[41]   Some courts, including courts in this district, follow the "first-served defendant rule," which interprets the thirty-day provision of section 1446 to mean that no defendant may seek removal later than thirty days from when the first defendant was served.[42]   Other courts have adopted the "removing defendant" rule, which provides that each "defendant has 30 days from the date of service [of the complaint upon that defendant] to remove a case to federal district court."[43]   The Second Circuit has never ruled on this

---

[40]   *Id.*

[41]   *See Varela v. Flintlock Constr., Inc.*, 148 F. Supp. 2d 297, 299 (S.D.N.Y. 2001) (collecting cases, and stating that the first-served defendant rule is the "majority" rule in this district).

[42]   *Id*.

[43]   *Bashford v. Crown Fin. Group,* No. 05 Civ. 2217, 2005 U.S. Dist. LEXIS 15811, at *10, 15 (S.D.N.Y. July 27, 2005) (collecting cases outside the Second Circuit, finding that the defendants' removal was untimely under all possible rules of construction of section 1446(b)). *See also Fernandez v. Hale Trailer Wheel and Bike*, 332 F. Supp. 2d 621, 623-24 (S.D.N.Y 2004) (applying the last-served defendant rule).

question.[44]

Where there are multiple defendants, "all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper."[45] This rule of unanimity is "strictly interpreted and enforced." [46] "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion."[47] "It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf."[48] Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely.[49]

---

[44]    *See Bashford,* 2005 U.S. Dist. LEXIS 15811, at *11.

[45]    *Miller v. First Sec. Inv.,* 30 F. Supp. 2d 347, 350 (S.D.N.Y. 1998). *Accord Balazik v. County of Dauphin,* 44 F.3d 209, 214 (3d Cir. 1995).

[46]    *Russell Corp. v. American Home Assur. Co.,* 264 F.3d 1040, 1049 (11th Cir. 2001).

[47]    *Codapro Corp. v. Wilson,* 997 F. Supp. 322, 325 (S.D.N.Y. 1998).

[48]    *Id.* at 326.

[49]    *See Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.,* 841 F.2d 1254, 1261-62 (5th Cir. 1988). *See also Michaels v. New Jersey,* 955 F.

Motions to remand based on procedural defects in removal are also subject to a timeliness requirement.  Section 1447(c) provides that a "motion to remand the case on any basis other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."[50]

## B.    The Amount in Controversy Requirement

Federal courts may exercise diversity jurisdiction pursuant to section 1332(a) of title 28 of the United States Code only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[51]  A party asserting jurisdiction bears the burden to show that there is "a reasonable probability that the claim is in excess of the statutory jurisdictional amount,"[52] and must support its assertion of jurisdiction "with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'"[53]  Generally, where the complaint

Supp. 315, 321-22 (D.N.J. 1996) (finding that "extraordinary circumstances" justified departure from the general rule to allow the defendants to cure the defect).

[50]    28 U.S.C. § 1447(c).

[51]    *Id.* § 1332(a).

[52]    *Mehlenbacher,* 216 F.3d at 296.

[53]    *United Food & Commercial Workers Union v. Centermark Prop. Meriden Square,* 30 F.3d 298, 305 (2d Cir. 1994) (quoting *McNutt v. General*

-11-

states an amount of damages, there is a strong presumption that the stated amount is the actual amount in controversy.[54]  Where no amount is specified, this fact alone does not bar a finding that the jurisdictional amount has been met.[55]  In such cases, courts examine the nature of the claims,[56] factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy.[57]

### C.   Service of Process

Under New York law, personal service on natural persons can be effected "by delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his or her last

---

*Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

[54]     *See Scherer v. The Equitable Life Assur. Soc. of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

[55]     *See, e.g., Vermande,* 352 F. Supp. at 197 (finding jurisdictional threshold met, and denying plaintiffs' motion for remand, where complaint stated only that plaintiff sought "money damages").

[56]     *See id.* at 203 (noting that plaintiffs' claims sounded in both contract and tort, and included allegations of emotional damages, continuing harm, and malice on the part of the defendant).

[57]     *See United Food & Commercial Workers Union,* 30 F.3d at 303, 305.

known residence."[58]  Personal service upon a corporation may be effected by

delivery of the summons to the office of the Department of State.[59]  "Service of

process on such corporation shall be complete when the secretary of state is so

served."[60]

> Under the CPLR, 'an appearance of the defendant [or respondent] is
> equivalent to personal service of the summons upon him, unless an
> objection' based on lack of personal jurisdiction is raised.  Thus, it has
> always been and still remains the rule that service of process can be
> waived by respondent simply by appearing in the proceeding and
> submitting to the court's jurisdiction.[61]

## IV.   DISCUSSION

### A.   Amount in Controversy

The Burrs do not contest that there is complete diversity among the

parties to this lawsuit.  Instead, they argue that TMCC has failed to show that the

jurisdictional amount has been met.  For its part, TMCC argues that despite the

fact that no damage amount is specified, it is evident from the face of the

---

[58]    N.Y. C.P.L.R. § 308(2).

[59]    *See* N.Y. Bus. Corp. L. § 306(b).

[60]    *Id.*

[61]    *Fry v. Village of Tarrytown,* 89 N.Y.2d 714, 720 (1997) (citing
C.P.L.R. § 320(b)).  *See also* C.P.L.R. § 3211(e) (stating that objections to
personal jurisdiction are waived if not made by motion before filing a responsive
pleading, or in the pleading itself).

Complaint that Plaintiffs' claim will exceed seventy-five thousand dollars.

TMCC's argument is persuasive.  The Burrs' Complaint alleges that Daisy

suffered "serious and severe permanent personal injuries,"[62] and invokes a New

York law that encompasses death, dismemberment, and total or near-total

disability enduring longer than three months.[63]  Daisy is a teenager, thereby

increasing the damages that may accrue as a result of her permanent injuries.[64]

TMCC has shown that there is a "reasonable probability that the claim is in excess

of the statutory jurisdictional amount."[65]

### B.    Timeliness

As an initial matter, the Burrs filed their motion to remand in a timely

fashion, well within the thirty-day period after the notice of removal was filed.

TMCC's removal petition, however, is not timely.  TMCC waived the service

requirement and submitted to the New York Supreme Court's jurisdiction on

August 10, 2006, when it filed a joint Answer with Serrano that did not include

any objection to the court's exercise of personal jurisdiction.  Because it was

[62]    Compl. ¶ 24.

[63]    *Id.* ¶ 21 (citing N.Y. Ins. L. § 5102(d)).

[64]    *See id.* ¶ 3.

[65]    *Mehlenbacher,* 216 F.3d at 296.

-14-

apparent from the face of the Complaint that the Burrs' claims met the

jurisdictional amount, it was possible for TMCC to "intelligently ascertain" that

the action was removable at that time.[66]  Thus, the thirty-day period for TMCC to

file for removal began on August 10, 2006, and TMCC was required to file its

petition no later than September 11, 2006.

Even if TMCC's Answer did not waive service, TMCC's notice of

removal was still untimely.  Under the more lenient "removing defendant" rule,

TMCC had to file for removal no later than the thirtieth day after it was served.

The record reveals that TMCC was served on August 14, 2006, by personal

delivery of the summons and complaint to the office of the Department of State.

The affidavit of the agent who delivered the summons and complaint provides the

name and physical description of the person to whom the papers were given.[67]

Nonetheless, TMCC asserts that it was served on August 16, 2006, by certified

mail.[68]  But TMCC provides no evidence to support this claim.  TMCC has offered

no affidavit by anyone with personal knowledge of the manner in which process

was served.  To sustain its burden of proof, TMCC must do more than state its

---

[66]     *Whitaker,* 261 F.3d at 205-06.

[67]     *See* 8/14/06 Aff. of Serv.

[68]     *See* Notice of Removal ¶ 5.

"belief" as to when process was served.[69]  Because TMCC was served on August

14, 2006, it was required to file for removal by September 13, 2006.[70]

Finally, TMCC's September 15, 2006 removal was defective.  While

the Notice of Motion was accompanied by an affidavit by TMCC's counsel stating

that TMCC obtained Serrano's consent to remove the case, Serrano did not submit

written evidence of consent until October 2, 2006.[71]  The petition was defective

until that date.  Thus, even if TMCC had proven that it was served on August 16,

2006, its petition was still untimely.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is granted.

This case shall be remanded forthwith to New York State Supreme Court, New

York County.  The Clerk of the Court is directed to close this motion [docket no.

3] and this case.

---

[69]     Oren Aff. ¶ 9.

[70]     Under the alternative "first defendant" rule, the petition was required
to be filed by August 29th.  It is not necessary to decide which construction of
section 1446(b) is correct, because the result in this case is the same whichever
construction is used.

[71]     *See* Aff. Consent ¶ 4.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            October 31, 2006

## -Appearances-

**For Plaintiffs:**

Robert Jarred Bellinson, Esq.
Wingate, Russotti & Shapiro, LLP
The Graybar Building
420 Lexington Ave. Suite 2750
New York, NY 10170
(212) 986-7353
Fax: (212) 953-4308

**For Defendant:**

Peninna Hanna Oren, Esq.
London Fischer, LLP
59 Maiden Lane
New York, NY 10038
(212) 331-9549
Fax: (212) 972-1030